WEST ROXBURY (ADAMS v.). See Case No. 67.

---

## Case No. 17,462.

WEST ST. LOUIS SAV. BANK v. SHAWNEE COUNTY BANK et al.

[3 Dill. 403;[1] 2 Cent. Law J. 46.]

Circuit Court, D. Kansas. Nov., 1874.[2]

BANKS AND BANKING—ACCOMMODATION ENDORSEMENT BY CASHIER.

A cashier without special authority cannot bind his bank by an official endorsement of his individual note. and the onus is on the payee to show the cashier's authority.

The defendant [George F.] Parmelee. made his individual note payable to the order of the plaintiff. and endorsed it, "G. F. Parmelee, Cashier," and gave the plaintiff as collateral security a certificate of stock in the Shawnee County Bank, issued to and owned by him (Parmelee). The consideration of the note was a loan of money by the plaintiff to Parmelee, who, at the time of obtaining the loan, advised the plaintiff that he intended to use the money borrowed to pay for the stock he had subscribed for in the Shawnee County Bank. The defendant, Parmelee, has failed to pay the note, and the question in the case is whether the Shawnee County Bank is liable on the indorsement of the cashier above mentioned.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 95 U. S. 557.]

Ennis & Foster. for plaintiff.
Guthrie & Brown, for Shawnee County Bank.

Before DILLON, Circuit Judge, and FOSTER, District Judge.

DILLON, Circuit Judge. The form of the note as well as the evidence aliunde shows that the plaintiff made the loan to the defendant, Parmelee, who gave his own note for the amount and pledged his own stock as security. The note was indorsed by him thus: "G. F. Parmelee, Cashier." It is established by the proofs that the directors of the defendant bank did not know of this indorsement and never ratified it.

The defendant bank did not receive the proceeds of the discount of the note of Parmelee except in payment of his stock. Under these circumstances we are clear in the opinion that Mr. Parmelee's indorsement of the note as cashier of the defendant bank did not bind it. The plaintiff had notice of the presumptive want of authority of Parmelee, both by the form of the instrument (Lemoine v. Bank of North America [Case No. 8,240], and cases there cited), and the facts of the transaction of the loan to him. The cashier of a bank has no implied authority to indorse officially his individual note, thus by his own act making the bank an accommodation indorser for his own benefit. As this was done in this instance, the plaintiff bank had notice of it, and to hold the defendant bank on such indorsement the onus to show authority, express or implied, from the directors of the defendant bank, is upon the plaintiff. It has failed to establish such authority. On the other hand, the defendant bank has affirmatively established that the cashier had no such authority. The suit must be dismissed as to the defendant bank. The plaintiff is entitled to a decree against the defendant, Parmelee, for the amount of the note and for a sale of the collateral. Decree accordingly.

[On appeal to the supreme court. the above decree was affirmed. 95 U. S. 557.]

NOTE. Notice to Director When Notice to the Bank. The leading cases on this subject are collected and well commented on in Morse on Banks and Banking (page 108 et seq.) where the author expresses the rule (Id. p. 111) in this language: "Whatever knowledge a director acquires within the scope of his official employment. he is bound to communicate to his co-directors, that is to say, to the bank itself."

The case of Bank of U. S. v. Davis, 2 Hill, 451, is one in which a bill of exchange was sent to a bank director with the request to procure a discount upon it. This director, at the directors' meeting in which he participated, falsely asserted that the discount was for himself, and he received the proceeds of it, and it was held that the bank was affected through the director with knowledge and could not recover the amount of the bill from the party defrauded.

Knowledge possessed by a director. who was also one of the trustees of bonds assigned to an innocent third person. does not charge the latter with the knowledge of the director who only

nominally represents them. Curtis v. Leavitt, 15 N. Y. 9.

When notice to the president is notice to the bank, see Porter v. Bank of Rutland, 19 Vt. 410.

"Corporations having common officials are not," says Mr. Brice in his treatise on Ultra Vires (Eng. Ed.) 350, "necessarily affected through these with a knowledge of each other's transactions." He cites In re Marseilles Ry. Co., 7 Ch. App. 161; In re European Bank, 5 Ch. App. 358. Compare In re Contract Corp., L. R. 8 Eq. 14; Gray v. Lewis. Id. 526.